# IN THE MATTER OF HART & COMPANY, LIMITED, BANKRUPT.

## February 18, 1907.

*Referee acting as special master—Fee:* A referee performing services not within his statutory duties, but of value to the conduct of a bankrupt estate as a going concern, may receive compensation therefor, as a special master, out of the funds of the estate.

*In Bankruptcy*: Petition of referee for fee as special master.

*W. T. Rawlins,* Esq., Referee in Bankruptcy.

DOLE, J.   When this estate was authorized to be continued as a going concern, the referee was consulted by the trustee in regard to methods of carrying on the finances of such concern. Beside advising him, he examined the results of every day's work and examined the weekly reports, auditing the same. Such work was not within the duties of the referee as fixed by the bankrupt act and was valuable to the estate, promoting the success and accuracy of the financial conduct of the estate as a going concern, for a period of between eighteen and nineteen weeks.

Although the bankrupt act, section 72, does not allow the referee to receive any further compensation for his services than as expressly authorized in the act, yet it has been the practice to allow compensation for services in the nature of master's services outside of the duties of the referee.

*Fellows v. Freudenthal,* 4 Am. B. R. 490 : 102 Fed. Rep. 731.

*In re Grossman,* 6 Am. B. R. 510 : 111 Fed. Rep. 507, and other cases.

The petitioner is allowed for services as special master, compensation of fifty ($50.00) dollars.